108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael A. STEWART, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 97-3086.
 United States Court of Appeals, Federal Circuit.
 March 11, 1997
 
 ARCHER, Chief Judge.
 Before ARCHER, Chief Judge, RICH, and BRYSON, Circuit Judges.
 
 DECISION
 
 1
 Michael A. Stewart appeals the May 31, 1996 decision of the Merit Systems Protection Board (board), DA-0752-96-0317-I-1, dismissing his appeal for lack of jurisdiction.[1] We affirm
 
 DISCUSSION
 
 2
 On appeal, Stewart's sole basis for his jurisdictional claim is the finding of the Texas Workforce Commission concerning evidence not presented to the board. Before that Commission, Stewart argued that he was not aware that the revocation of his driving privileges was for two years. He claims that it was only for one year. Therefore, he did not knowingly violate the revocation order. The Commission found in favor of Stewart because the Air Force failed to provide documentary evidence to prove that the revocation of driving privileges was for two years.
 
 
 3
 This argument, never raised below, is not properly before this court. At no time in the proceedings before the board did Stewart allege that his revocation of driving privileges was only for one year not two years. We will not, absent exceptional circumstances, consider issues raised for the first time of appeal. Oshiver v. Office of Personnel Management, 869 F.2d 540, 541 (Fed.Cir.1990). Stewart has provided no such compelling exceptional circumstances. Moreover, the board is not bound by the findings of a commission such as this. See Upshaw v. Department of Defense, 56 M.S.P.R. 94, 97 (1992) ("the Board is not bound by decisions of state unemployment commissions"), aff'd, 5 F.3d 1502 (Fed.Cir.1993) (table); Lucas v. Department of Veterans Affairs, 52 M.S.P.R. 267, 270 (1992) (same). Thus, the findings of the Texas Workforce Commission are not relevant to this proceeding.
 
 
 4
 Since Stewart has not proven jurisdiction by a preponderance of the evidence as required by 5 C.F.R. § 1201.56(a)(2) (1996), we affirm the board's dismissal for lack of jurisdiction.
 
 
 
 [1]
 The May 31, 1996 initial decision of the administrative judge became final on October 24, 1996 when the full board denied Stewart's petition for review